IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01676-BNB

NORMAN RAY REED JR.,

    Plaintiff,

v.

THE COLORADO DEPARTMENT OF CORRECTIONS,
TOM CLEMENTS, in his professional and individual capacities,
SCOTT HALL, in his professional and individual capacities,
DONA ZAVISLAN, in her professional and individual capacities,
V. TWOBEARS CHAVEZ, in his professional and individual capacities,
    GRIFFITH, chair of central reading committee, in his professional and individual capacities, and
ANTHONY DECESARO,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Norman Ray Reed, Jr., is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Sterling, Colorado.  Mr. Reed initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 seeking money damages and declaratory and unspecified injunctive relief.  Mr. Reed has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without an initial partial filing fee.

    The Court must construe Mr. Reed's filings liberally because he is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's

failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant. *See id.*  For the reasons set forth below, Mr. Reed will be ordered to file an amended complaint.

In the Complaint, Mr. Reed asserts five claims.  In general, he complains that the satanic bible is prohibited by the Sterling Correctional Facility's reading committee on the basis that it advocates "violence or vengeance against an individual/group based on race, religion, nationality, sex, or ethnicity." Complaint at 4.  Mr. Reed alleges that he is a "long time satanist" and that he requires the satanic bible in order to practice his religion.  He asserts that his First Amendment right to practice his religion, and his Fourteenth Amendment right to equal protection have been violated.

Mr. Reed is suing an improper party.  Regardless of the relief sought, Plaintiff may not sue the Colorado Department of Corrections.  The State of Colorado and its entities, such as the Colorado Department of Corrections, are protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), overrruled on other grounds by *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998).  The State of Colorado has not waived its Eleventh Amendment

immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought.  *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

In addition, Mr. Reed must assert personal participation by each named defendant in the amended complaint.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Reed must name and show how the named defendants caused a deprivation of his federal rights.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant, such as Executive Director Tom Clements or Warden Dona Zavislan, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that he or she causes.  *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Reed may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Reed uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Reed, therefore, will be directed to file an amended complaint that sues the proper parties, states his claims clearly and concisely, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.  Mr. Reed is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  Accordingly, it is

ORDERED that Plaintiff, Norman Ray Reed, Jr., file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives of this order.  It is

FURTHER ORDERED that Mr. Reed shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form to file the amended complaint.  It is

FURTHER ORDERED that if Mr. Reed fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 2nd day of July, 2012.

                                                BY THE COURT:

                                                *s/Craig B. Shaffer*
                                                Craig B. Shaffer
                                                United States Magistrate Judge