IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01676-LTB

NORMAN RAY REED JR.,

     Plaintiff,

v.

THE COLORADO DEPARTMENT OF CORRECTIONS,
TOM CLEMENTS, in his professional and individual capacities,
SCOTT HALL, in his professional and individual capacities,
DONA ZAVISLAN, in her professional and individual capacities,
V. TWOBEARS CHAVEZ, in his professional and individual capacities,
GRIFFITH, chair of central reading committee, in his professional and individual
capacities, and
ANTHONY DECESARO,

     Defendants.

---

ORDER GRANTING MOTION FOR RECONSIDERATION

---

     Plaintiff, Norman Ray Reed, Jr., has filed *pro se* on August 20, 2012, a Motion for

Reconsideration (ECF No. 13) in which he asks the Court to reconsider and vacate the

Order of Dismissal and the Judgment entered in this action on August 10, 2012. The

Court dismissed the instant action without prejudice because Mr. Reed failed to comply

with a court order directing him to file an amended complaint.  The Court must construe

the motion liberally because Mr. Reed is not represented by an attorney.  *See Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991).  For the reasons discussed below, the motion will be granted.

     A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Plaintiff's Motion for Reconsideration pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

On July 2, 2012, Magistrate Judge Boyd N. Boland reviewed the complaint and determined that it was deficient because Mr. Reed was suing improper parties and because he failed to assert the personal participation of each named defendant. Magistrate Judge Boland directed Mr. Reed to file an amended complaint within thirty days, and warned him that the action would be dismissed without further notice if he failed to comply.

On July 11, 2012, a copy of the Court's June 29, 2012 Order Granting Leave to Proceed In Forma Pauperis was returned to the Court as undeliverable. On July 12, 2012, Mr. Reed filed a letter with the Court in which he stated that he had "been having a terrible time sending and recieving [sic] legal mail" and asked the Court to "re-issue all motions" in several of his cases. By Minute Order dated July 13, 2012, Magistrate Judge Boland noted that no other mail beside the June 29 Order Granting Leave to Proceed In Forma Pauperis had been returned to the Court as undeliverable, but directed the Clerk of the Court to send a copy of the docket sheet in the instant case to Mr. Reed so that he would be apprised of the current status of this case. On August 6, 2012, Mr. Reed submitted a copy of his inmate account statement. Nonetheless, he failed to file an amended complaint within the time provided. Therefore, on August 10, 2012, the Court dismissed the instant action. Judgment also entered on August 10, 2012.

On August 20, 2012, Mr. Reed filed the instant motion for reconsideration and an Amended Complaint. In the Motion, Mr. Reed asserts that, due to problems with his legal mail, he did not receive a copy of the Order for Amended Complaint until July 18, 2012. He also alleges that he filed a motion with the Court requesting additional time to file an amended complaint. Upon review of Mr. Reed's pending cases (he currently has three cases pending in this Court, 12-cv-1684-MSK-MEH; 12-cv-01687-MSK-MEH; and 12-cv-01987-MSK, in addition to six closed cases), the Court notes that Mr. Reed filed a motion for an extension of time to submit an amended complaint in Case No. 12-cv-01987-MSK on August 9, 2012. In that motion, he stated that all of his legal mail had been delayed due to his transfer to a different facility. The Court denied the motion as

3

unnecessary on August 14, 2012, because Mr. Reed had not been ordered to submit an amended complaint in Case No. 12-cv-01987-MSK.  It now appears that Mr. Reed intended to submit the motion for an extension of time in this case, but inadvertently provided an incorrect case number.

The Court notes that it is Mr. Reed's responsibility to manage his own deadlines, and to provide the correct case number for each filing, especially considering that he currently has several cases pending.  Nonetheless, due to the fact that Mr. Reed was recently transferred to a different facility, and the fact that pieces of Mr. Reed's mail have been returned as undeliverable or have apparently been delayed, the Court finds that it is in the interests of justice to provide Mr. Reed the benefit of the doubt and vacate the order dismissing this action.  Therefore, the Motion for Reconsideration will be granted.  The case will be returned to the Pro Se Docket for review under § 1915(e)(2).  The Amended Complaint submitted on August 20, 2012 (ECF No. 13-1) will be accepted for filing.  Accordingly, it is

ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 13) filed on August 20, 2012, is GRANTED.  It is

FURTHER ORDERED that the Order of Dismissal (ECF No. 11) and the Judgment (ECF No. 12) entered in this action on August 10, 2012, are VACATED.  It is

FURTHER ORDERED that the clerk of the Court reinstate and return this action to the Pro Se Docket.  It is

FURTHER ORDERED that the Amended Complaint submitted on August 20, 2012 (ECF No. 13-1) is accepted for filing.

DATED at Denver, Colorado, this   27th   day of   August   , 2012.

BY THE COURT:


  s/Lewis T. Babcock

LEWIS T. BABCOCK, Senior Judge
United States District Court